1  LAW OFFICES OF DALE K. GALIPO
2  Dale K. Galipo, Esq. (SBN 144074)
   dalekgalipo@yahoo.com
3  Eugenia Bagdassarian, Esq. (SBN 334898)
4  Ebagdassarian@galipolaw.com
   21800 Burbank Boulevard, Suite 310
5  Woodland Hills, CA  91367
6  Telephone:  (818) 347-3333
   Facsimile:   (818) 347-4118
7  Attorneys for Plaintiffs,
8  A.H., S.H., and TIFFANY HAYES

9  CARPENTER, ROTHANS & DUMONT, LLP
10 Jill Williams (SBN 221793)
   jwilliams@crdlaw.com
11 500 South Grand Avenue – 19th Floor
12 Los Angeles, CA 90071
   Tel: (213) 228-0400
13 Fax: (213) 228-0401
14 Attorney for Defendant,
   COUNTY OF LOS ANGELES
15
16              **UNITED STATES DISTRICT COURT**
17              **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| A.H., a minor, individually and as successor in interest to decedent, Richard Hayes, by and through his Guardian ad Litem, Timothy Janson; S.H., a minor, individually and as successor in interest to decedent, Richard Hayes, by and through her Guardian ad Litem, Timothy Janson; and TIFFANY HAYES, individually and as successor in interest to decedent, Richard Hayes; Plaintiffs, vs. COUNTY OF LOS ANGELES; and DOES 1-10, inclusive. Defendants. | Case No. 2:22-cv-03671-SB-(ASx) **JOINT SCHEDULING CONFERENCE REPORT** Date: October 7, 2022 Time: 8:30 a.m. Location: Courtroom 6C 350 West First Street Los Angeles, CA 90012 **Original Complaint:** May 27, 2022 **Responsive Pleading:** September 2, 2022 **Trial (Proposed):** October 3, 2023 or November 14, 2023 |

1
JOINT SCHEDULING CONFERENCE REPORT

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, and this Court's Order dated September 2, 2022, counsel for Plaintiffs A.H., S.H., and Tiffany Hayes, and Defendant County of Los Angeles, submit this Joint Scheduling Conference Report.

This report is made following early meeting of counsel which took place on September 7, 2022, as required by Federal Rules of Civil Procedure, Rule 26, and this Court's order. The telephonic conference was attended by Eugenia Bagdassarian of the Law Offices of Dale K. Galipo, counsel for Plaintiffs, and Jill Williams of Carpenter, Rothans & Dumont, counsel for Defendant.

## 1. SUBJECT MATTER JURISDICTION

This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

## 2. STATEMENT OF THE CASE

### a. PLAINTIFFS' STATEMENT:

This lawsuit arises out of the fatal encounter between Decedent Richard Hayes ("Decedent") and sheriff's deputies working for the Los Angeles County Sheriff's Department ("LASD"). On March 21, 2021, at approximately 7:30 p.m., several County of Los Angeles Sheriff's deputies, including Defendants Does 1-8 ("Defendant Deputies"), unreasonably detained and/or arrested Decedent Richard Hayes and used excessive and unreasonable force and restraint against him, ultimately resulting in his death. Defendant Deputies were responding to a call to

assist Decedent for a potential mental crisis while Decedent was inside of his home. Defendant Deputies contacted Decedent inside Decedent's home.

Without reasonable suspicion to detain, or probable cause to arrest, Decedent Defendant Deputies approached Decedent and attempted to forcibly restrain him. Prior to the use of force and during the application of force, Decedent did not pose an immediate threat to the deputies or anyone else. Nevertheless, Defendant Deputies tased, tackled, and placed their body weight on Decedent while he was prone and improperly restrained him, restricting his breathing. As a result of Defendant Deputies' unreasonable use of force and restraint against Decedent, Decedent suffered great physical pain and suffering up to the time of his death, loss of enjoyment of his life, loss of his life, and loss of his earning capacity.

After being restrained for an extended period of time, Decedent was immobile and in obvious and critical need of emergency medical care and treatment. Defendant Deputies did not timely summon medical care or permit medical personnel to timely treat Decedent.

b. **DEFENDANTS' STATEMENT:**

This civil action arises from the use of force incident involving Richard Hayes ("Decedent") and Los Angeles County Sheriff's Department deputies that occurred on March 21, 2021.  That day, Decedent was suffering a mental health episode, and deputies responded to a call for service at his home.  This response culminated with the decedent committing a battery on one of the deputies as they attempted to leave the home and the deputies tasing and restraining him in response.  The defendant asserts that the force used against the decedent was reasonable and denies that its deputies violated the decedent's or plaintiffs' rights.

3. **DAMAGES/INSURANCE**

    a. *Damages*: Plaintiffs' alleged damages include survival damages, as they are successors in interest to Decedent, wrongful death damages,

and punitive damages. Plaintiffs also seek statutory attorney's fees. At this early stage in litigation and absent any discovery responses from Plaintiffs, Defendants have no information about the plaintiffs' claimed damages and assert that punitive damages are unwarranted.

    b. *Insurance*: The County of Los Angeles is permissibly self-insured pursuant to Government Code § 990.

**4. Parties, Evidence, etc.**

Plaintiffs A.H. and S.H. are Decedent's minor children, and Plaintiff Tiffany Hayes is Decedent's wife. Defendants are the County of Los Angeles and various unnamed Doe defendants.

Other witnesses and/or individuals with information pertinent to this matter may become known throughout the discovery process.

**5. Discovery**

    a. *Status of Discovery:* The parties have not completed any discovery at the time of the drafting of this report. However, the parties have exchanged initial written discovery requests.

    b. *Discovery Plan*: The parties will make initial disclosures on or before October 7, 2022. There are no anticipated issues about discovery of electronically stored information.

        i. Plaintiffs

Plaintiffs have propounded written discovery on Defendant, including a request for production seeking the materials pertaining to the investigation of this incident. Plaintiffs anticipating deposing individual defendant deputies whose identities will become known through Defendants' initial disclosures. Plaintiffs may also depose EMTs, paramedics, and/or fire department personnel who arrived to provide medical attention to Decedent. Plaintiffs may also depose a person most knowledgeable

regarding the Los Angeles County Sheriff's Department's policies, procedures, and training pertaining to the use of force, including Tasers, the use of prone restraint, and handling mental health calls.

Subjects on which plaintiffs claim discovery may be needed include: deputies' training; deputies' prior uses of force, if any, including citizens' or internal complaints made against the deputies; Los Angeles Sheriff's Department policies; the handling of evidence by Los Angeles Sheriff's Department employees; medical treatment provided to the decedent at the scene of the incident; and observations of the involved deputies and other witnesses.

### ii. Defendants

The County of Los Angeles has propounded written discovery on the plaintiffs and will be subpoenaing pertinent records regarding the plaintiff and the decedent. From the County's perspective, discovery will be needed on the following topics: liability of individual and entity defendants, Decedent's history including his educational background, employment history, mental health history, as well as the scope and extent of damages incurred by the plaintiffs in this case.

### 6. **Legal Issues**

#### a. Plaintiffs

The following are among the principal issues raised by Plaintiffs' Complaint:

1) Whether the involved officers unreasonably detained and arrested Decedent under the Fourth Amendment;
2) Whether Defendant Deputies used excessive force;
3) Whether the tasing and excessive force restraint of Decedent interfered with Plaintiffs' right to a familial relationship with Decedent;
4) Whether the use of excessive force against Decedent was malicious, oppressive, or in reckless disregard of his rights;
5) Whether Defendant Deputies unreasonably denied medical care to Decedent

under the Fourth Amendment;

6) Whether the Los Angeles Sheriff's Department has unconstitutional policies, practices, or customs that were the cause of Decedent's and Plaintiffs' injuries;

7) Whether the Los Angeles Sheriff's Department failed to adequately train its officers;

8) Whether the Los Angeles Sheriff's Department ratified Defendant Deputies' unconstitutional actions that were the cause of Decedent's and Plaintiffs' injuries;

9) Whether Defendant Deputies were negligent with respect to their handling of the situation;

10) Whether Defendants violated the Bane Act; and

11) The nature and extent of Plaintiffs' and Decedent's damages, including wrongful death, survival, and punitive damages

b. Defendants

(1) Whether the deputies had probable cause and/or reasonable suspicion to detain the decedent.

(2) Whether the deputies' use of force was objectively reasonable under the circumstances.

(3) Whether the defendants denied the decedent of medical care.

(4) Whether there was an unconstitutional policy, custom, or practice that was the moving force behind any violation of the Decedent's or plaintiffs' rights.

(5) Whether the County of Los Angeles was deliberately indifferent to inadequate training of the deputies.

(6) Whether any to-be named deputy defendant is entitled to qualified immunity.

(7) Whether the County and any involved deputies are immune from state claims by various sections of the Government Code.

(8) Whether defendants can be liable under a theory of negligence.

(9) Whether Decedent was comparatively at fault.

(10) Whether the decedent was a qualified individual under the Americans with Disabilities Act.

(11) Whether the deputies' actions were motivated by Decedent's claimed disability.

(12) Whether the deputies acted with a specific intent to violate the plaintiff's civil rights.

**7. Motions**

a. *Procedural Motions*: Plaintiffs anticipate filing either a motion to amend to name the currently unidentified individual involved deputies once such identities become available through initial disclosures, or a stipulation to name the individual involved deputies. Plaintiffs are hopeful that such amendment may be accomplished through stipulation. The defendant has filed a Motion to Dismiss, which is noticed for hearing on October 7, 2022. Depending on evidence and facts learned through discovery, there may be additional procedural motions that need to be filed.

b. *Dispositive Motions*: All parties anticipate filing motions in limine if this matter proceeds to trial.
In addition, the defendant anticipates filing a Motion for Summary Judgment with respect to all or some of Plaintiffs' claims at the close of discovery. The parties expect to file discovery motions as needed or to seek Magistrate assistance via information discovery conference; pretrial Motions in Limine.

c. *Class Certification Motions*: Not applicable.

8. **Alternative Dispute Resolution (ADR)**
   a. *Prior Discussions*: No discussions have taken place at the time of the drafting of this report.
   b. *ADR Selection*: Counsel are amenable to using the attorney settlement panel. If unsuccessful after a settlement conference through the attorney settlement panel, the parties will discuss whether engaging in private mediation would be productive.

9. **Trial**
   a. *Proposed Trial Date:* Either October 3, 2023 or November 14, 2023.
   b. *Trial Estimate:* The parties estimate the length of the trial at approximately five to seven court days.
   c. *Jury or Court Trial:* The parties request trial by jury.
   d. *Magistrate Judge:* The parties are not asking to try the case before a magistrate judge.
   e. *Trial Counsel:* Dale K. Galipo will be lead trial counsel for the Plaintiffs' case. Jill Williams will be lead trial counsel for Defendants.

10. **Special Requests/Other Issues**
    a. *Independent Expert or Master*: Counsel agree that neither a discovery master nor independent scientific expert are needed for this lawsuit.
    b. *Manual for Complex Litigation*: Counsel agree that this is not a case which is sufficiently complex to be governed by the procedures of the federal "Manual for Complex Litigation."
    c. *Other issues*: A proposed protective order regarding production of certain information will be prepared by the Defendant and filed with the Court. Plaintiffs do not anticipate the trial being bifurcated.

**11.   Case Management Order (CMO)**

    a.   Pretrial Dates:

        Please also see the attached scheduling table.

DATED:  September 27, 2022       LAW OFFICES OF DALE K. GALIPO

                                        By:  */s/ Dale K. Galipo*
                                               Dale K. Galipo[1]
                                               Attorney for Plaintiffs

DATED:  September 27, 2022

                                        By:  */s/ Jill Williams*
                                              Jill Williams
                                              Attorney for Defendant

---

[1] As the filer of this document, I attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

# EXHIBIT A
## JUDGE STANLEY BLUMENFELD
### EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

| Case No.: | 2:22-cv-03671-SB-(ASx) |
|---|---|
| Case Name: | *A.H., et al., v. County of Los Angeles, et al.* |

| Matter | Plaintiff(s)' Request mo/day/year | Defendant(s)' Request mo/day/year | Court's Order |
|---|---|---|---|
| _X_ Jury Trial *or* ___ Court Trial<br>Length: 5-7 days | October 3, 2023 / November 14, 2023 | Same | |
| Final Pretrial Conference [L.R. 16]<br>Hearing on Motions *In Limine* | September 12, 2023 | Same | |
| Trial Filings (2nd Set)<br>(2 weeks before PTC) | August 29, 2023 | Same | |
| Trial Filings (1st Set)<br>(4 weeks before PTC) | August 15, 2023 | Same | |
| ADR Cutoff<br>(10 weeks before PTC) | July 5, 2023 | Same | |
| Non-Discovery Motion Filing Cutoff<br>(12 weeks before PTC) | June 21, 2023 | Same | |
| Discovery Motion filing cutoff<br>(14 weeks before PTC) | June 7, 2023 | Same | |
| Expert Discovery Cutoff<br>(14 weeks before PTC) | June 7, 2023 | Same | |
| Rebuttal expert disclosure | May 24, 2023 | Same | |
| Initial expert disclosure | May 10, 2023 | Same | |
| Fact discovery cutoff<br>(18 week before PTC) | May 10, 2023 | Same | |
| Last Date to hear on Amending Pleadings or Adding Parties | December 6, 2022 | Same | |

ADR [L.R. 16-15] Settlement Choice:

    _X_    Attorney Settlement Officer Panel

    ___    Private Mediation

    ___    Magistrate Judge