**JILL WILLIAMS – State Bar No. 221793**
**KIMBERLY MOROSI – State Bar No. 345641**
**CARPENTER, ROTHANS & DUMONT**
500 South Grand Avenue, 19th Floor
Los Angeles, California 90071
(213) 228-0400 / (213) 228-0401 (Fax)
jwilliams@crdlaw.com / kmorosi@crdlaw.com

Attorneys for Defendants,
County of Los Angeles, Deputy Janet Huoth,
Deputy Alex Valdivia, Deputy Carlos De La Torre,
and Sheriff Alex Villanueva

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H, a minor, individually and as successor in interest to decedent, Richard Hayes, by and through his Guardian ad Litem, Tiffany Hayes; S.H., a minor, individually and as successor in interest to decedent, Richard Hayes, by and through her Guardian ad Litem, Tiffany Hayes; and TIFFANY HAYES, individually,<br><br>Plaintiffs,<br>v.<br>COUNTY OF LOS ANGELES; and DOES 1-10, inclusive,<br>Defendants. | Case No. 2:22−cv−03671−SB-ASx<br><br>**ANSWER TO THIRD AMENDED COMPLAINT BY SHERIFF VILLANUEVA; DEMAND FOR JURY TRIAL** |

COME NOW Defendant, Sheriff Alex Villanueva, and for himself and no other, answering the plaintiffs' Third Amended Complaint on file herein, admits, denies, and alleges as follows:

## ADMISSIONS AND DENIALS

1. In response to paragraphs 1 and 2 of the Third Amended Complaint, this answering defendant states that these paragraphs contain characterizations of

the Third Amended Complaint to which no response is required.  To the extent that a response is required, this answering defendant denies the allegations of these paragraphs, except admits that, based on the allegations in the Third Amended Complaint, this Court has jurisdiction over the instant matter pursuant to 28 U.S.C. §§ 1331, 1343, and 1367, and that venue is proper under 28 U.S.C. § 1391.

2. In response to paragraph 3 of the Third Amended Complaint, this answering defendant admits that the parties agreed by stipulation that Plaintiffs' claims for damages will be treated as timely.

3. In response to paragraphs 4, 5, 6, and 7 of the Third Amended Complaint, this answering defendant states that these paragraphs contain statements of the procedural history of this case to which no response is required.  To the extent that a response is required, this answering defendant admits that Plaintiff filed their Complaint on May 27, 2022, their First Amended Complaint on June 3, 2022, and their Second Amended Complaint on August 22, 2022, and that the Court granted Plaintiffs leave to file their Third Amended Complaint on October 7, 2022.

4. In response to paragraphs 8, 9, 10, 11, 12, 13, 14, 15, 22, 23, 24, 25, 26, 27, 28, 29, 30, 34, 35, 36, 37, 39, 40, 42, 44, 46, 48, 50, 53, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 71, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 86, 88, 89, 95, 96, 101, 103, 104, 105, 106, 107, 108, 109, 138, 144, 146, 147, 152, 154, 155, 156, 157, 158, 164, 167, 168, 169, 175, 182, 188, and 197 of the Third Amended Complaint, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations set forth therein and, on that basis, denies those allegations.

5. In response to paragraph 16, this answering defendant admits that the County of Los Angeles is a duly organized public entity within the State of California and that the Los Angeles Sheriff's Department is a department of the County of Los Angeles.  Except as expressly admitted, this answering defendant denies the remaining allegations contained in this paragraph.

6. In response to paragraphs 17, 18, 19, 20, and 21 of the Third Amended Complaint, this answering defendant admits that at the time of this incident, he was the Sheriff of the County of Los Angeles Sheriff's Department. Except as expressly admitted, this answering defendant is without sufficient knowledge or information to form a belief as to the truth of the remaining allegations set forth therein, and on that basis, denies those allegations.

7. In response to paragraphs 31, 94, 119, 128, 136, 162, 171, 180, 191, 193, 200, and 204 of the Third Amended Complaint, this answering defendant states that these paragraphs are legal conclusions to which no response is required. To the extent that a response is required, this answering defendant states the law speaks for itself and denies the allegations set forth therein.

8. In response to paragraphs 32, 93, 120, 129, 130, 131, 137, 153, 163, 172, 181, and 192 of the Third Amended Complaint, this answering defendant incorporates his admissions and denials to the paragraphs referenced therein.

9. In response to paragraph 33 of the Third Amended Complaint, this answering defendant admits that deputies responded to Lycoming Street in Diamond Bar, California on March 21, 2021. Except as expressly admitted, this answering defendant denies that deputies used excessive and unreasonable force and restraint against Decedent Richard Hayes and otherwise denies the remaining allegations set forth in this paragraph.

10. In response to paragraph 38 of the Third Amended Complaint, this answering defendant admits that Deputy De La Torre and Deputy Valdivia were the first two deputies to arrive on scene. Except as expressly admitted, this answering defendant is without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis, denies the remaining allegations set forth therein.

11. In response to paragraphs 41, 43, 49, 51, 52, 54, 55, 69, 70, 72, 84, 85, 87, 90, 91, 92, 97, 98, 99, 100, 102, 110, 111, 112, 113, 114, 115, 116, 117, 118,

121, 122, 123, 124, 125, 126, 127, 132, 133, 134, 135, 139, 140, 141, 142, 143, 145, 148, 149, 150, 151, 159, 160, 161, 165, 166, 170, 176, 177, 178, 179, 183, 184, 185, 186, 187, 189, 190, 194, 195, 196, 198, 199, 201 202, 203, of the Third Amended Complaint, this answering defendant denies the allegations set forth therein.

12. In response to paragraph 45 of the Third Amended Complaint, this answering defendant admits that, at some point, Deputy De La Torre and Deputy Valdivia followed after Decedent. Except as expressly admitted, this answering defendant denies the remaining allegations set forth in this paragraph.

13. In response to paragraph 173 of the Third Amended Complaint, this answering defendant admits that Deputies De La Torre, Valdivia, and Huoth were deputies of the Los Angeles County Sheriff's Department at the time of the incident giving rise to this litigation. This answering defendant otherwise denies the remaining allegations set forth therein.

## **AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to allege facts sufficient to state a claim upon which relief can be granted.

2. Plaintiffs lack standing.

3. Plaintiffs have failed to join necessary and indispensable parties and/or undertake the necessary legal actions to qualify as successors in interest to decedent's estate.

4. The conduct of deputies was objectively reasonable and did not interfere with, nor deny, plaintiffs' familial relations.

5. Any damages which resulted to the plaintiffs were caused by third parties whose acts were superseding and intervening to any cause relating to the responding deputies.

6. Any recovery on the plaintiffs' Third Amended Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the comparative fault of the decedent and others.

7. Defendant is immune from liability herein because, at all times mentioned in the Third Amended Complaint, deputies conducted themselves reasonably, in good faith, and within all constitutional and statutory parameters pertaining to their actions as duly authorized peace officers, and thus are entitled to qualified immunity from suit herein.

8. Plaintiffs' decedent failed to exercise ordinary care, caution, and prudence for his own welfare so as to avoid the happening of the alleged injuries and thereby contributing thereto. Plaintiffs' recovery is therefore barred to the degree of such contribution, comparative fault and/or negligence, including decedent's own criminal conduct.

9. Plaintiffs have failed to state facts sufficient to constitute a cause of action against the County of Los Angeles in accordance with <u>Monell v. Department of Social Services</u>, 436 U.S. 658 (1978).

10. Plaintiffs' decedent assumed the risk of injury for his actions and the results thereof.

11. The defendant is immune from liability by the application of one or more of the immunities set forth in the California Government Code, including the immunities set forth in sections 815, 815.2, 815.4, 815.6, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.25, 820.4, 820.6, 820.8, 821, 821.6, 821.8, 822.2, 845, 845.6, 855.6, 855.8, and 856; Civil Code sections 43.55, 47, and 3333.3; Penal Code sections 243, 834, 835, 835a, 836, and 836.5; and Welfare & Institutions Code section 5150, *et seq.*, including section 5278.

12. The County of Los Angeles is immune from the imposition of punitive damages under 42 U.S.C. § 1983 and California Government Code section 818.8 and the acts of the deputies or any other employee or agent of the County, were not malicious.

13. The acts complained of by the plaintiffs were provoked by the decedent in that the decedent failed to comply with the lawful orders of law

enforcement.

14. Any recovery on the plaintiffs' Third Amended Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the decedent's own conduct which violated numerous provisions of the California Penal Code and, as such, was negligent per se.

15. In doing the acts alleged in plaintiffs' Third Amended Complaint, deputies were acting in self-defense and defense of others.

16. Decedent died of natural causes and/or other causes not attributable to the actions of the employees of the deputies.

17. Plaintiffs' action is barred by the doctrines of res judicata and/or collateral estoppel.

18. The plaintiffs and/or plaintiffs' decedent consented to the acts and conduct of the deputies.

19. Plaintiffs' claims are barred by superseding or intervening causes.

20. Any recovery on the plaintiffs' Third Amended Complaint, or any purported claim or cause of action alleged therein, is barred in whole or in part by the plaintiffs' failure to mitigate their damages.

21. Plaintiffs' action is barred by the applicable statute of limitations.

22. The conduct of the deputies at the time of the incidents and events referred to in the Third Amended Complaint was privileged under California law.

23. Plaintiffs' action is barred by the doctrines of waiver, laches, estoppel and unclean hands.

24. This answering defendant reserves the right to amend this Answer to include additional affirmative defenses that may become known.

Wherefore, this answering defendant prays for relief as follows:

1. That plaintiffs take nothing by their Third Amended Complaint herein;

2. That this answering defendant recover the costs of suit incurred herein.

3. That this answering defendant recover its reasonable attorney's fees

incurred herein.

DATED: December 7, 2022                    CARPENTER, ROTHANS & DUMONT

                                   By: /s/ Kimberly Morosi
                                       Jill Williams
                                       Kimberly Morosi
                                       Attorney for Defendants

## DEMAND FOR JURY TRIAL

Pursuant to Local Rule 38-1, this answering defendant hereby demands a jury trial as provided in Rule 38(b) of the Federal Rules of Civil Procedure.

DATED: December 7, 2022                    CARPENTER, ROTHANS & DUMONT

                                   By: /s/ Kimberly Morosi
                                       Jill Williams
                                       Kimberly Morosi
                                       Attorney for Defendants