LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
E-mail: dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
Email: rvalentine@galipolaw.com
21800 Burbank Blvd., Suite 310
Woodland Hills, CA 91367
Tel: (818) 347-3333
Fax: (818) 347-4111

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H., a minor, individually and as successor in interest to decedent, Richard Hayes, by and through his Guardian ad Litem, Tiffany Hayes; SOPHIA HAYES, individually and as successor in interest to decedent, Richard Hayes, Tiffany Hayes; and TIFFANY HAYES, individually and as successor in interest to decedent, Richard Hayes, <br><br> Plaintiffs, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, et al., <br><br> Defendants. | Case No.: 2:22-CV-03671 WLF (ASx) <br><br> **DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR APPROVAL OF COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF A.H.** |

### DECLARATION OF RENEE V. MASONGSONG

1. I am an attorney licensed to practice law in the United States District Court for the Central District of California. I am one of the attorneys of record for the Plaintiffs in this action. I have personal knowledge of the matters stated herein and would and could testify competently thereto if called. I make this declaration in

-1-
DECLARATION OF RENEE V. MASONGSONG

support of Plaintiffs' *ex parte* application for approval of the compromise of the claims of minor plaintiff A.H. by and through his guardian *ad litem*, Timothy Janson, individually and as a successor in interest to Shane Holland, deceased.

2.  Defendants are represented by Jill Williams; Carpenter, Rothans & Dumont; 500 South Grand Avenue, 19th Floor; Los Angeles, California 90071; 213-228-0400; jwilliams@crdlaw.com.

3.  I emailed a copy of the instant Application to Defendants' counsel on February 12, 2025. Defendants' counsel Ms. Williams and I exchanged emails on February 13, 2025, and Ms. Williams agreed to accept service of the notice of the instant Application by email. Ms. Williams also indicated that Defendants do not anticipate filing an opposition to the instant Application. Ms. Williams also informed me that Defendants do not oppose the filing of this application for approval of the minor's compromise on an *ex parte* basis, and Defendants take no position on the proposed distribution of the settlement funds.

4.  This Application seeks approval of the compromise of Plaintiff A.H.'s claims on an *ex parte* basis because the interest rate for the annuities are likely to expire if this petition is heard as a regularly noticed motion. For that reason, filing this Application as a regularly noticed motion may cause a decrease in payment benefits to the minor plaintiff.

5.  The setlement agreement obligates Defendants to pay Plaintiffs and their attorneys of record the total gross sum of $975,000 divided equally between the three Plaintiffs, as follows:

| | |
|---|---|
| Tiffany Hayes and her attorneys | $325,000 |
| A.H. and his attorneys | $325,000 |
| Sophia Hayes and her attorneys | $325,000 |

Plaintiff Sophia Hayes was formerly identified as "S.H." in this lawsuit. Sophia Hayes was born in 2006, and she is no longer a minor.

-2-

DECLARATION OF RENEE V. MASONGSONG

6. The nature of Plaintiff A.H.'s claims in this lawsuit are set forth in the operative complaint filed in this action. Plaintiffs have agreed to settle their claims without a trial on the merits.

7. Plaintiff A.H.'s damages in this case arise from (1) the injuries suffered by his father, Richard Hayes (the decedent), for which Plaintiff A.H. can recover survival damages as a successor in interest (survival damages); and (2) Plaintiff A.H.'s individual loss of the decedent's comfort, care, companionship, training, support, and guidance (wrongful death damages).

8. Plaintiffs' attorneys are requesting attorneys' fees of 35% of the $975,000 in gross settlement proceeds. Plaintiffs signed retainer agreements with the Law Offices of Dale K. Galipo that provide for a 35% contingency fee, which is a total of $341,250, shared equally among the three Plaintiffs.

9. Plaintiffs' attorneys also seek reimbursement for A.H.'s pro rata share of Plaintiffs' total advanced litigation costs. Plaintiffs and their attorneys propose to allocate these costs on a pro rata basis reflecting the total recovery to each plaintiff, such that each plaintiff would pay one third of the total costs. The total advanced litigation costs are $23,568.93. Plaintiff A.H.'s equal share of the costs is $7,856.31.

10. The contingency attorney fee award in this case is justified by attorney Dale K. Galipo's skill and experience in the civil rights field, the difficulties and complexities of this case, and the risk assumed by Plaintiffs' counsel. Mr. Galipo is one of the most successful and experienced civil rights attorneys in the country. Mr. Galipo has been elected as a "Super Lawyer" every year since the year 2013. In 2019, Mr. Galipo was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil plaintiff's attorneys in the United States. Also in 2019, Mr. Galipo was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America. In 2020, Mr. Galipo received the "Trial Lawyer of the Year" award

from the Consumer Attorneys Association of Los Angeles ("CAALA"). Also in 2020, Mr. Galipo received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").

Some of Mr. Galipo's recent notable verdicts include the following: $13,500,000 verdict in the restraint death case *Zelaya v. City of Los Angeles*, tried in federal court before the Honorable Otis Wright in October 2023; $23,800,000 verdict in the police shooting case *Murillo v. City of Los Angeles*, tried in federal court before the Honorable Fernando Olguin in August 2023; $10,000,000 verdict in the case *Najera v. County of Riverside*, tried in federal court in April 2023 before the Honorable Dolly M. Gee; $17,002,000 verdict in the case *French v. City of Los Angeles*, tried in October 2021 before the Honorable Jesus G. Bernal; $13,200,000 verdict in the police in-custody death case *Valenzuela v. City of Anaheim*, tried in November 2019 before the Honorable Cormac J. Carney.

Mr. Galipo has recently been awarded statutory attorney fee rates of over $1,000 an hour and up to $1,400 an hour by multiple federal courts. In the case *L.D. v. City of Los Angeles*, tried in federal court in January 2020 in front of the Honorable Philip Gutierrez, Mr. Galipo achieved a verdict of $4.5 million, and Judge Gutierrez awarded Mr. Galipo an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. In the case *Donastorg v. City of Ontario*, tried in federal court in June 2021 before the Honorable Jesus G. Bernal, Mr. Galipo was also awarded $1,100 per hour. In *Craig v. County of Orange*, which Mr. Galipo tried in April of 2019, the Honorable Cormac J. Carney awarded Mr. Galipo an hourly rate of $1,000 for work performed in the district court case, as well as $1,200 per hour for his work in defending defendants' appeals to the Ninth Circuit and the Supreme Court. Also in 2019, Judge Carney awarded Mr. Galipo $1,200 per hour for his work in defending the defendants' appeals of the verdict in the case *Valenzuela v. City of Anaheim*. In *French v. City of Los Angeles*, Judge Bernal awarded Mr. Galipo $1,100 per hour

1  for his work at the district court level.  In the same case, after the plaintiffs prevailed
2  against the City's appeal, Judge Bernal awarded Mr. Galipo $1,400 per hour for
3  attorney fees on appeal, in an order dated February 21, 2024.  Mr. Galipo's hourly
4  rates as awarded by these federal judges supports Plaintiffs' attorneys' request for
5  the full 35% contingency attorney fee in this case.

6       Additionally, this case involved a substantial amount of risk.  If the Law
7  Offices of Dale K. Galipo were not awarded a fully compensatory fee in cases such
8  as this one, then these attorneys would not be able to take such difficult cases.  In
9  turn, minor plaintiffs such as A.H. would not be able to attract competent counsel
10 who could achieve similar results.  Accordingly, Plaintiffs' attorneys request
11 reimbursement of the full amount of their attorneys' fees and costs.

12     11.    As stated above, the gross amount of the settlement is $975,000.  The
13 gross share of these proceeds apportioned for minor Plaintiff A.H. and his attorneys
14 is $325,000. After deducting requested attorneys' fees of $113,750, and deducting
15 and A.H.'s pro-rata share of costs ($7,856.31), the total net settlement proceeds to
16 A.H. is $203,393.69.

17     12.    It is requested that $203,393.69 be used to fund a structured settlement
18 annuity for A.H.  Attached as "Exhibit A" hereto is the proposed structured
19 settlement annuity for A.H., which is incorporated herein in its entirety by reference.
20 A.H.'s guardian *ad litem,* Timothy Janson, agrees to this proposal and believes that
21 it is in the best interests of A.H.  Under the proposal set forth in "Exhibit A," the
22 total amount that A.H. will receive after the last payment is made from the annuity
23 is $299,250.

24     13.    This application or petition does not seek an order for payment of
25 money to a special needs trust.

26     14.    I (attorney Renee V. Masongsong, California State Bar Number
27 281819) prepared the petition filed concurrently herewith. I am an attorney with the
28

Law Offices of Dale K. Galipo, located at 21800 Burbank Boulevard, Suite 310, Woodland Hills, California, which represents Plaintiff A.H. in this action.

15. Plaintiff A.H.'s attorneys did not become concerned with this matter at the instance of any party against whom the claims of A.H. are asserted.

16. Plaintiff A.H.'s attorneys are not employed by any other party or any insurance carrier involved in the matter.

17. Plaintiff A.H.'s attorneys have not to date received any compensation for their services in connection herewith from any person.

18. In addition to receiving compensation from A.H.'s share of the settlement, Plaintiffs' attorneys expect to receive compensation for their services in connection herewith from the gross settlement proceeds allocated to Plaintiffs Tiffany Hayes and Sophia Hayes as follows: Plaintiffs' attorneys will receive $113,750 in attorneys' fees from Tiffany Hayes' portion of the settlement and $113,750 from Sophia Hayes' portion of the settlement. Plaintiffs' attorneys also expect to receive reimbursement from Plaintiffs Tiffany Hayes and Sophia Hayes in the amount of their pro rata share of costs advanced, which is $7,856.31 from each plaintiff.

19. Attached hereto as "Exhibit B" is a group of documents from Pacific Life Insurance Company, including the ratings and sample guarantee.

I declare under penalty of perjury of the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 13th day of February at Woodland Hills, California.

*s/ Renee V. Masongsong*
Renee V. Masongsong

-6-
DECLARATION OF RENEE V. MASONGSONG