# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.H., a minor, individually and as successor in interest to decedent, Richard Hayes, by and through his Guardian ad Litem, Tiffany Hayes; SOPHIA HAYES, individually and as successor in interest to decedent, Richard Hayes, Tiffany Hayes; and TIFFANY HAYES, individually and as successor in interest to decedent, Richard Hayes,<br><br>      Plaintiffs,<br><br>  vs.<br><br>COUNTY OF LOS ANGELES, et al.,<br><br>      Defendants. | Case No.: 2:22-CV-03671 WLH (ASx)<br><br>**ORDER APPROVING PLAINTIFFS' UNOPPOSED *EX PARTE* APPLICATION FOR COMPROMISE OF THE CLAIMS OF MINOR PLAINTIFF A.H. [100]** |

This Court, having considered Timothy Janson's Petition for Compromise of the Claims of minor Plaintiff A.H., and having found that A.H.'s interests are protected, *Robidoux v. Rosengren*, 638 F.3d 1177, 1179 (9th Cir. 2011),[1] the Court hereby **GRANTS** the Petition and makes the following orders:

1. The settlement of minor A.H.'s action against the Defendants in the net amount of $203,393.69 is hereby approved.

2. Defendants, through counsel, shall prepare and deliver the drafts for the gross settlement proceeds in the amount of $975,000 no later than forty-five (45) days from the date of this Order, payable as follows:

    a) Defendants will purchase a structured annuity for the minor Plaintiff A.H. in the amount of $203,393.69 from Pacific Life & Annuity Services, Inc. (hereinafter referred to as "Assignee(s)"), which will provide periodic payments to be made by Pacific Life Insurance Company (hereinafter referred to as "Annuity Carrier(s)") rated A+ Class XV by A.M. Best Company. Defendants shall ensure that the annuity is funded within 45 days of the issuance of this Order.

    b) Within 45 days of the signing of this Order, a draft for $771,606.31 shall be made payable to the "Law Offices of Dale K. Galipo, Client Trust Account." These funds shall be used to satisfy the following: (1) contingency attorneys' fees owed by the four plaintiffs in the total amount of $341,250, which is 35% of the gross settlement; (2) the advanced litigation costs ($23,568.93); (3) the net settlement amount to the adult plaintiffs, Tiffany Hayes ($203,393.69) and Sophia Hayes ($203,393.69).

---

[1] Plaintiff A.H's net recovery is larger than net recoveries approved by similar cases. *Est. of Sauceda v. City of N. Las Vegas*, No. 211CV02116GMNNJK, 2020 WL 1982288, at *3 (D. Nev. Apr. 15, 2020), *report and recommendation adopted*, No. 211CV02116GMNNJK, 2020 WL 2105017 (D. Nev. Apr. 30, 2020) (collecting cases and approving settlement providing net recovery of $56,647 to minor plaintiff who lost a parent in an officer-involved shooting).

2. For A.H., annuity Carrier(s) shall provide periodic payments in accordance with "Exhibit A" to the Declaration of Renee V. Masongsong and as set forth as follows:

$20,000.00 Lump Sum Payment on 7/04/2027

$20,000.00 Lump Sum Payment on 7/04/2029

$25,000.00 Lump Sum Payment on 7/04/2031

$35,000.00 Lump Sum Payment on 7/04/2033

$199,250.00 Lump Sum Payment on 7/04/2035

4. All sums and periodic payments set forth in the section entitled Payments constitute damages on account of personal injuries or illness, arising from an occurrence, within the meaning of Section 104(a)(2) of the Internal Revenue Code of 1986, as amended.

5. Disbursement drafts will be made payable to and will begin being issued directly to A.H. upon reaching the age of maturity according to the payment schedule as set forth above and in "Exhibit A" to the Declaration of Renee V. Masongsong filed concurrently herewith.

6. Defendants will make a "qualified assignment" within the meaning of Section 130(c), of the Internal Revenue code of 1986, as amended, to Assignee(s), of the Defendants' liability to make the periodic payments as described above and in "Exhibit A" to the Declaration of Renee V. Masongsong. Such assignment, when made, shall be accepted by Plaintiff A.H. without right of rejection and shall completely release and discharge Defendants from such obligations hereunder as are assigned to Assignee(s).

7. Defendants and/or Assignee(s) shall have the right to fund its liability to make periodic payments by purchasing a "qualified funding asset," within the meaning of Section 130(d) of the Code, in the form of an annuity policy from the Annuity Carrier(s).

8. The Assignee(s) shall be the owner of the annuity policy or policies, and shall have all rights of ownership.

9. The Assignee(s) may have Annuity Carrier(s) transmit payments directly to A.H. as set forth above. Timothy Janson (until Plaintiff A.H. reaches the age of majority) and then A.H. shall be responsible for maintaining the currency of the proper mailing address and mortality information to Assignee(s).

**IT IS SO ORDERED.**

Dated:  February 18, 2025

_____
HON. WESLEY HSU
UNITED STATES DISTRICT JUDGE